Military fay; separation; review and selection "boards; retirement fay. — On October 1, 1976 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and KuNzig, Judges.
“Tliis case comes before the court on plaintiff’s.motion for reconsideration of the order, of June 11, 1976,'and .for oral argument thereon, and also on plaintiff’s suggestion for reconsideration en banc. The active judges of the court having-denied the suggestion for reconsideration en banc, the plaintiff’s motions have been considered by the above panel which issued the order of June 11, 1976, affirming Trial Judge Willi’s memorandum and order (dated February 27, 1976), which remanded the case to the Army Board for the Correction of Military Kecords.
“Having considered the plaintiff’s presentation together with the defendant’s response, and noting that plaintiff how stresses her claim to back pay because of illegal separation as a major (and consequent retirement pay) rather than her claim to a promotion, the panel hereby vacates the order of Juñe 11, 1976, and sets the case for oral argument before the panel ' (oh an appropriate calendar) on the issue of whether plaintiff now has .a good claim for back pay at the rank of major because of an improper separation' (and consequent retirement pay). The court treats the motion for reconsideration as plaintiff’s motion for summary judgment on that ground, and grants leave to the defendant,'if it wishes, to file (within thirty (30) days of this order) 'a cross-motion for summary judgment on that issue (as well as on plaintiff’s' entitlement to promotion to lieutenant colonel). The case will be heard'orally on plaintiff’s motion’for sum *337 mary judgment and on defendant’s cross-motion for summary judgment (if one is filed).
“The usual schedule on motions for summary judgment is dispensed with in this case, and plaintiff is directed to file, within thirty (30) days from the date of this order, a brief supporting her motion for summary judgment. Also within thirty (30) days from the date of this order, defendant shall file its brief in opposition to plaintiff’s motion for summary judgment and in support of its own cross-motion for summary judgment (if one is filed). Both briefs may contain whatever documents and other materials are appropriate on such motion or motions for summary judgment. Both briefs shall also discuss whether (a) the selection boards which passed on plaintiff’s promotion in 1971 and 1972 were improperly and illegally constituted because of the absence of Reserve officers on those boards, and (b) if so whether plaintiff’s subsequent involuntary separation from the Service was improper and illegal. In connection with the first question the parties are requested to discuss the bearing of 10 U.S.C. § 266(a) and 10 U.S.C. § 3362(b) on plaintiff’s case, and in connection with both questions to discuss whether there are any controverted factual issues to be determined (aside from the computation of back pay if awarded).
“Each party shall then have 15 days from the date of service of the other party’s brief within which to file a reply brief.
“it IS SO ORDERED.”
On December 28, 1976, pursuant to a stipulation of the parties filed December 21, 1976 the court entered judgment for plaintiff for $35,439.59. The court also ordered that the Department of the Army correct plaintiff’s military records to show that she was not passed over by selection boards in 1971 or 1972.